

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00517-CR

Christian Arturo **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR7070
Honorable Christine Del Prado, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:         Irene Rios, Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: December 3, 2025

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

A jury convicted appellant Christian Arturo Torres of two counts of sexual assault of a child and one count of indecency with a child by sexual contact. *See* TEX. PEN. CODE §§ 22.011(a)(2), 21.11(a)(1). Torres was required to register as a sex offender. The jury assessed two years of confinement in the Institutional Division of the Texas Department of Criminal Justice for the first count of sexual assault of a child. For the second count, the jury assessed a seven-year term of confinement and recommended the term be suspended with Torres placed on community

supervision instead. Likewise, for the count of indecency with a child, the jury assessed a seven-year term of confinement and recommended the term be suspended with Torres placed on community supervision. At the sentencing hearing, the court sentenced Torres for each count concurrently and in accordance with the jury's verdict, with credit for time served. The trial court certified Torres's right to appeal, stating this was not a plea bargain case, and appointed appellate counsel for Torres. Torres timely appealed.

On appeal, appellate counsel filed a brief in which he concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

As required, appellate counsel provided Torres with a copy of the brief and informed him of his right to review the record and file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Torres did not file a *pro se* brief, and the State did not file a brief.

We have thoroughly and independently reviewed the entire record and appellate counsel's brief. We find that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore, the appeal is frivolous. *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We conclude that the appeal is without merit, and we grant the request to withdraw filed by appellate counsel. *See id.*

That said, we find that the written judgment of conviction in this case contains a non-reversible clerical error. The judgment correctly describes the two counts of sexual assault of a

child for which Torres was convicted, in conformance with the indictment and with citation to the correct charging statute. *See* TEX. PEN. CODE § 22.011(a)(2). However, the third offense for which Torres was convicted—indecency with a child by sexual contact—is erroneously referred to in the judgment under "Offense for which Defendant Convicted" as sexual assault of a child, with the "Statute for Offense" listed as "22.011(a)(2)" rather than the statute for indecency with a child by sexual contact. *See id.*; TEX. PEN. CODE § 21.11(a)(1). The judgment's description of the verdict for this offense clearly refers to indecency with a child by sexual contact as charged in the indictment, and at the sentencing hearing, the trial court referred to the third offense for which Torres was convicted as indecency with a child by sexual contact. Likewise, the jury charge refers to this third offense as indecency with a child by sexual contact and correctly describes the elements of this offense.

This court has the authority to modify the trial court's judgment to correct such a clerical error. *See* TEX. R. APP. P. 43.2(b) (providing that the court of appeals may "modify the trial court's judgment and affirm it as modified"); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the court of appeals has the power to reform judgments to correct clerical errors); *St. Marie v. State*, No. 03-17-00095-CR, 2017 WL 5988073, at *1 (Tex. App.—Austin Nov. 30, 2017, no pet.) (modifying judgment to correct listed "Statute for Offense" and affirming as modified). Accordingly, we modify the judgment of conviction to reflect that the third offense for which Torres was convicted is "indecency with a child by sexual contact" and that the "Statute for Offense" is "21.11(a)(1), Penal Code." All other aspects of the trial court's judgment remain unchanged and the judgment is affirmed as modified.

No substitute counsel will be appointed. Should Torres wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Lori Massey Brissette, Justice

DO NOT PUBLISH